IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 20-04339 (MCF) |
| | CHAPTER 7 |
| JOSE ANTONIO RIVERA DE JESUS<br>ADA IRIS VEGA SANTIAGO | |
| Debtors | |
| | ADVERSARY CASE NO. 21-00058 |
| GUWISCO, INC. | |
| Plaintiff | |
| v. | |
| JOSE ANTONIO RIVERA DE JESUS &<br>ADA IRIS VEGA SANTIAGO | |
| Defendants | |

**OPINION & ORDER**

The Defendants, Jose Antonio Rivera De Jesus & Ada Iris Vega Santiago, move to dismiss the Plaintiff, Guwisco Inc.'s amended complaint (Docket No. 75) and the Plaintiff opposes dismissal (Docket No. 86). A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted tests the formal sufficiency of the plaintiff's statement of its claim for relief in its complaint. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A court may dismiss for failure to state a claim only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory. Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B., 958 F.2d 15, 17 (1st Cir. 1992). When a motion is filed under this procedural rule, the facts alleged in the complaint are deemed admitted and the plaintiff's right to any relief based on those facts is challenged. Crow v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). The court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the non-movant. Estate of Soler v. Rodriguez, 63 F.3d 45,53 (1st Cir. 1995). The issue is not

-1-

whether the plaintiff will ultimately prevail but whether the plaintiff will be able to offer evidence to support its claims. Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000); Gorski v. New Hampshire Dept. of Correction, 290 F.3d 466, 473 (1st Cir. 2002). For a complaint to pass muster under Fed. R. Civ. P. 12(b)(6) scrutiny, it must "raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (citing Twombly, 550 U.S., at 555).

The amended complaint before us (Docket No. 33) contains three counts: 1) nondischargeability under section 523(a)(2); 2) nondischargeability under section 523(a)(6); 3) objection to the discharge under section 727(a)(4)(A).

Section 523 of the Bankruptcy Code lists the debts that are not included within the scope of a debtor's discharge. Jeff Ferriell & Edward Janger, Understanding Bankruptcy, 475 (3rd edition, 2013). Debts are nondischargeable usually because of the debtor's misconduct or because permitting their discharge would result in the debtor receiving an unfair benefit or a creditor bearing an unfair burden. Id. Section 523(a)(2) provides that a debtor will be held liable for debt that was incurred dishonestly. 11 U.S.C. § 523(a)(2). The statute looks to "false pretenses, false representation, actual fraud, and materially false statements in writing regarding financial conditions." 11 U.S.C. §§ 523(a)(2)(A) & 523(a)(2)(B).

The Defendants allege that under the first count, the amended complaint fails to contain non-conclusory factual averments that support an inference that the Debtors deceived and intended to deceive Plaintiff or that Plaintiff justifiably relied on the Debtors' alleged misrepresentations.

A review of the amended complaint at Docket No. 33 shows that the Plaintiff engaged in negotiations for the purchase sale of a bakery business owned by the Defendants. Docket No. 33 at 2, paragraph 9. The complaint further alleges that Defendants proffered that the business made an average of 45-50,000 dollars a month. Id. at 2-3, paragraph 11. The Plaintiff pleaded that it relied on those numbers to purchase the bakery. Id. at 3, paragraph 12. The Plaintiff also states that the Defendants employed a person that made a false representation of being an accountant to prepare a "Financial Statement." Id. at 3, 5 & 6, at paragraphs 16, 17, 18, 19, 34, 35, 36 & 37. The amended complaint indicates that this "Financial Statement" misled the Plaintiff into executing the purchase sale agreement with the Defendants. Id. at 6, paragraph 38. Furthermore, the amended

-2-

complaint alleges that the Defendants were found to have employed insidious machinations, deceit and false representations in the negotiation and execution of the purchase sale contract, by the Court of First Instance, Guayama Part, on April 18, 2013. Id. at 6, paragraph 41.

These allegations are sufficient, and taking them as true, they raise a right to relief above the speculative level. The issue is not if this count of the complaint will prevail, but rather that the Plaintiff is in the position of offering evidence that can possibly show that it is entitled to relief under section 523(a)(2). The motion to dismiss is denied as to count one.

Turning to the second count under section 523(a)(6), this Code section provides for denying a discharge to a debtor that has incurred in debt for a "willful and malicious injury." 11 U.S.C. § 523(a)(6). An injury is considered malicious "if it was wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill-will." 4 Collier on Bankruptcy P 523.12 (16th 2022)(citing Fist Weber Group, Inc. v. Horsfall, 738 F.3d 767 (7th Cir. 2013); Printy v. Dean Witter Reynolds, Inc. (In re Printy), 110 F.3d 853 (1st Cir. 1997); Hope v. Walker (In re Walker), 48 F.3d 1161 (11th Cir. 1995); Sunoco Sales, Inc. v. Latch (In re Latch), 820 F.2d 1163 (11th Cir. 1987). For a malicious injury to be willful under section 523(a)(6), it must be "'deliberate or intentional,' referring to a deliberate and intentional act that necessarily leads to injury." Id. (citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 365 (1977)). Most courts have held that willful and malicious injuries are those "inflicted intentionally and deliberately, and either with the intent to cause harm complained of, or in circumstances in which the harm was certain or almost certain to result from the debtor's act." Id. (citing In re Scarlata, 979 F.2d 521 (7th Cir. 1992); In re Zentz, 157 B.R. 145 (Bankr. W.D. Mo. 1993)). Reckless or negligent conduct does not meet the "willful and malicious conduct" standard according to the Supreme Court. Kawaauhau v. Geiger, 523 U.S. 57 (1998). Most importantly, section 523(a)(6) relates to tortuous actions and not to contracts. Id. (citing Lockerby v. Sierra, 535 F.3d 1038 (9th Cir. 2008); Cadillac Vending Co. v. Haynes, 19 B.R. 849 (Bankr. E.D. Mich. 1982)). The Court of Appeals for the Ninth Circuit has cautioned that tortious conduct is a required element under section 523(a)(6). Lockerby, 535 F.3d at 1040 (9th Cir. 2008). The Ninth Circuit further clarified that an intentional breach of contract cannot give rise to non-dischargeability under section 523(a)(6) unless it is accompanied by conduct that constitutes a tort under state law. Id.

Regarding the second count, the Defendants state that the amended complaint contains no allegations that would even suggest that the Debtors intended to injure Plaintiff or that the Debtors were substantially certain that their acts would lead to Plaintiff's alleged injuries.

The court adopts the relevant paragraphs of the amended complaint discussed above. The Plaintiff clearly alleges that the Defendants used an impostor accountant to provide a "Financial Statement" and that the local court found that the Defendants had employed insidious machinations, deceit and false representations in the negotiation and execution of the purchase sale contract. Moreover, a review of the Plaintiff's response to the motion to dismiss, shows that the local court judgment awarded damages for suffering and mental anguish. Docket No. 86-1 at 41, translated at Docket No. 108.[1] The pleadings indicate that the Defendants incurred in a malicious conduct and that they were aware of their conduct. The Plaintiff has the burden to prove that these acts meet the standard laid out in section 523(a)(6), but at this juncture its request for relief is plausible and its second count survives the motion to dismiss.

We further note that because the local court judgment contains an award for damages and mental anguish, we find plausible that the Defendants actions were tortious, as required by section 523(a)(6). The issue between the Plaintiff and the Defendants arose from a contractual dispute. As previously stated, this section has not been interpreted to provide for intentional breaches of a contract. However, a plaintiff that seeks a determination of non-dischargeability under this section must "show more than just a knowing breach of contract" and "must also prove that debtor intended to cause him harm by breaching the contract." Humility of Mary Health v. Garritano (In re Garritano), 427 B.R. 602, 613 (Bankr. N.D. Ohio 2009). In the instant case, it is Plaintiff's burden to put the court in a position to make these findings in the summary judgment stage or in a trial. The motion to dismiss is denied as to count two.

The third count seeks to deny the Debtor his discharge for making a false oath or account while knowing that such statement is incorrect. Section 727 of the Bankruptcy Code provides that a debtor is entitled to the discharge, unless it is proven that he or she has engaged in one of the statutory grounds in this section that would bar the court from entering the discharge. 6 Collier on

---

[1] In deciding a Rule 12(b)(6) motion, the court can consider extrinsic materials, such as public records, without converting the motion to a summary judgment. Rivera v. Centro Médico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009); Little Gem Life Sci. LLC v. Orphan Med., Inc., 537 F.3d 913, 916 (8th Cir. 2008). The judgment and its translation, incorporated at Docket Nos. 86 & 108, are an official public record.

Bankruptcy P 727.01 (16th 2022). Under section 727(a)(4)(A), a creditor may request that the court deny the discharge for making a false oath or account. 11 U.S.C. § 727(a)(4)(A).

As to the third count, the Defendants contend that it is time-barred. We agree.

The Plaintiff initially sought an extension of time to file a complaint under sections 523 and 727 of the Bankruptcy Code. Case No. 20-04339, Docket No. 11. The extension was granted and the deadline to file the complaints was extended to May 1, 2021. Id. at Docket No. 12. The Plaintiff requested a second extension of time to file a complaint to object to the discharge "as to its debt." Id. at Docket No. 29. The Defendants opposed the second request for extension of time under Fed. R. Bankr. P. 4007(c); the rule that deals with objections to a discharge under section 523 of the Bankruptcy Code. Id. at 30. The objection was overruled, and the Plaintiff was given the extension to file the complaint to object the discharge as to its debt.

The time to determine dischargeability under section 523 is governed by Fed. R. Bankr. P. 4007(c). The time to object to the discharge under section 727 is governed by Fed. R. Bankr. P. 4004(a)&(b). The creditor must be specific in requesting an extension of time for both causes of action. BiTech, Inc. v. Withrow (In re Withrow), 570 B.R. 452, 455 (Bankr. N.D. Ga. 2017)("[n]ot only are objections to discharge and dischargeability controlled by different sections in Title 11, they are each governed by separate Bankruptcy Rules").

In the instant case, when the Plaintiff requested its second extension, it did not refer to section 727. Rather, he informed that he would seek an objection to discharge "as to its debt" which we construe as a request for time under Fed. R. Bankr. P. 4007(c). However, even if Plaintiff had tolled the time for filing a complaint under section 727, this claim was presented untimely. Plaintiff was given until May 31, 2021, to file the instant adversary complaint, which it did on that very same date. The complaint was subsequently amended on September 29, 2021 to include the third count under section 727. As such, count three is time barred by 121 calendar days and is consequently dismissed.

The Defendants' motion to dismiss (Docket No. 75) is partially granted as to count three and partially denied as to counts one & two. The Defendants are ordered to answer the complaint within thirty (30) days. The parties are subsequently ordered to file a joint ISC report thirty (30) after the filing of the answer to the complaint.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of August, 2022.

_____
MILDRED CABAN FLORES
United States Bankruptcy Judge